UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-20430

MAYRELIS MEDEROS,

 Plaintiff,

vs.

ODALYS ALPIZAR INSURANCE CORP. and
ODALYS ALPIZAR,

 Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Mayrelis Mederos, sues Defendants, Odalys Alpizar Insurance Corp. and Odalys Alipzar, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Mayrelis Mederos**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Odalys Alpizar Insurance Corp.**, is a for profit Florida corporation that is *sui juris* and has operated its insurance agency here, in Miami-Dade County, Florida, at all times material.

6. **Defendant, Odalys Alpizar**, was and is an owner, operator, officer, director, and/or managing member of the corporate Defendant for the relevant time period. She ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. Defendant, Odalys Alpizar, is a resident of Broward County, Florida.

7. Defendants were Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. §203 (d).

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Defendant maintained a place of business in this District, maintained real property in this district, and was responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, maintains real property within this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

11. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Background Facts*

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, brokerage, and transacting of automobile and health insurance in interstate commerce.

14. Defendants marketed, promoted, brokered, and sold automobile and health insurance by and on behalf of out-of-state insurers while using machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce prior to Defendants' use of same.

15. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

16. Defendants utilize computer software that was created outside of the State of Florida.

17. Defendants also regularly and routinely engage in interstate commerce in the course of their submission of payments and receipt of funds exchanged in interstate commerce.

18. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

19. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her providing customer service for automobile and health insurance products involving companies and persons located inside and outside of the State

of Florida while regularly, recurrently, and routinely utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

20. Plaintiff would regularly and routinely receive obtain payment information from persons located inside and outside of the State of Florida in the form of credit cards and banking information that involve the transmission of information across state lines involving financial institutions located inside and outside of the State of Florida.

### *Liability*

21. Plaintiff worked for Defendants from to approximately June 23, 2016 May 6, 2019 as a customer service agent.

22. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

23. Defendants paid Plaintiff on an hourly basis.

24. Defendants failed and refused to pay Plaintiff at the rate of time and one-half of her regular rate(s) of pay for all hours worked over 40 hours in a workweek.

25. Upon information and belief, Defendants failed to pay overtime and failed to comply with the FLSA to minimize their labor costs and to maximize their profits.

26. Defendants maintained records or were required to maintain records of the times that Plaintiff started and stopped working each day.

27. Defendants willfully and intentionally refused to pay Plaintiff overtime wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period.

28. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff, including by failing to make or keep records of the times that Plaintiff started and stopped working each day.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff overtime wages for each of the hours worked during the relevant time period violated the FLSA, they intentionally misled Plaintiff to believe that Defendants were not required to pay her an overtime wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime wages she earned.

30. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

31. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

32. All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

WHEREFORE Plaintiff, Mayrelis Mederos, demands the entry of a judgment in their favor and against Defendants, Odalys Alpizar Insurance Corp. and Odalys Alipzar, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages, as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

5

    d.      That Plaintiff recovers all interest allowed by law;

    e.      That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.      That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Mayrelis Mederos, demands a trial by jury of all issues so triable.

Respectfully submitted this 1st day of February 2021,

                              s/Brian H. Pollock, Esq.
                              Brian H. Pollock, Esq.
                              Fla. Bar No. 174742
                              brian@fairlawattorney.com
                              FAIRLAW FIRM
                              7300 North Kendall Drive
                              Suite 450
                              Miami, FL 33156
                              Tel:    305.230.4884
                              *Counsel for Plaintiff*